**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

IN RE:

CASE NO.: 11-22054

**DONNIE L. MYERS**
**JENNIE C. MYERS**

CHAPTER 12

**DEBTOR-IN-POSSESSION**

### MOTION TO REQUIRE KENTUCKY TAX BILL SERVICING, INC. TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT OF THE CONFIRMATION ORDER AND DISCHARGE ORDER

Comes now the Movants, Donnie L. and Jennie C. Myers (hereinafter Movants), by and through Counsel, and hereby move this Court to order Kentucky Tax Bill Servicing, Inc. (hereinafter "Respondent") to appear and show cause why it should not be held in contempt of this Court. In support of this motion Movant states as follows:

**PARTIES, JURISDICTION, AND STATEMENT REGARDING THE CORE NATURE OF THIS PROCEEDING**

1. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334, 11 U.S.C. 105(a), and 11 USC 524.

2. That this contested matter is a core proceeding under 28 USC 157(b)(2)(I).

3. That Movants, Donnie L. and Jennie C. Myers, are individuals who reside in the Commonwealth of Kentucky.

4. That Respondent is a Kentucky corporation which does business in the Commonwealth of Kentucky, and which maintains its principal place of business at 4135 Alexandria Pike, STE 108, Cold Springs, Kentucky 41076. Respondent's registered agent for service of process is Mary Beth Perry, 4135 Alexandria Pike, STE 108, Cold Springs, Kentucky 41076.

5. That the acts and occurrences complained of hereinafter occurred in the Commonwealth of Kentucky, and in particular in the Eastern District of Kentucky.

6. That at all times relevant hereto, the acts of the agents and servants of Respondent hereinafter complained of were performed willfully and intentionally, and in the course and scope of their employment for the Respondent.

7. That pursuant to Bankruptcy Rules of Civil Procedure 7008 and 9027(a), Movants hereby consents to entry of final orders and judgment by the Court as to all issues raised or to be raised in this proceeding.

## COUNT I

8. Movants restates and incorporate by reference all the allegations in paragraphs 1-7 above.

9. Movants filed a petition seeking a discharge under Chapter 12 of Title 11 of the United States Code on August 31, 2011 at which time the automatic stay provided for 11 USC 362(a) came into effect.

10. That the Respondent was forwarded notice of the bankruptcy by the Clerk of Court and Respondent participated in the bankruptcy proceeding.

11. That Respondent was a secured claimant in the bankruptcy proceeding and its secured claim, as modified by the confirmation order entered on 3/29/12, was provided for by the Chapter 12 Plan of Reorganization. The claim was satisfied by the payments received pursuant to the confirmed plan.

12. That the proceeding was discharged on 9/16/16.

13. That contrary to the terms of the confirmed plan, Respondent did not release its

liens on the Movants real estate after the discharge was entered.

14. That on or about 6/27/17 Respondent filed a motion for default judgment (hereinafter "the Motion") in Robertson County Circuit Court Case No.: 10-CI-30, asserting that it was entitled to foreclose the pre-petition liens which were satisfied through this proceeding.

15. That undersigned counsel, on behalf of Movants, was forced to respond to the motion and travel to Mount Olivet Kentucky twice to deal with the Motion. A response and a supplemental memo in support of the response were filed.

16. That undersigned counsel attempted to convince Respondent through communications with its counsel, both by email and by phone conversations, that they should withdraw the Motion. These efforts were fruitless. On or about 7/24/17, Respondent filed a Reply to the Response to the Motion, and therein reasserted its right to foreclose the previously satisfied lien.

17. That as a result of the intransigence of Respondent, Movants were forced to commence a Chapter 13 bankruptcy proceeding for the sole purpose of protecting their real estate from Respondent and its' attorneys. Such a proceeding was filed on 8/7/17 and the matter was assigned Case No.: 17-21041 in the Eastern District of Kentucky (hereinafter "the Chapter 13 proceeding").

18. That subsequent to the filing of the Chapter 13 proceeding, Respondent caused a proof of claim to be filed in said proceeding in which it asserted a claim for previously satisfied 2005 and 2007 property taxes in the amount of $10,088.11, said obligation to accrue interest at the rate of 12% per annum. This claim, being designated claim #2-1 (hereinafter "the Claim") in the records of the Chapter 13 proceeding, included the face amount of the tax bills, interest, attorneys' fees and expenses. The claim did not indicate that it had previously been discharged

and did not indicate that the liability was not in personam. As a result of this omission and in general, the claim was a false claim in that it asserted a right to be paid upon a discharged obligation and as such constitutes a violation of the discharge injunction entered in this matter.

19. That on or about 1/8/18, undersigned counsel on behalf of Movants, filed an objection to the Claim on the basis that the claim had previously been satisfied in the Chapter 12 proceeding.

20. That Respondent filed a Response to the Objection to the claim, and the matter came on before this Court for hearing on 3/13/18 and was thereafter submitted on the record.

21. On 4/13/18 this Court entered a decision sustaining the objection to claim and finding that the Claim of Respondent has been satisfied in this proceeding.

22. The aforesaid actions of the servants and agents of Respondent were done willfully and maliciously, and with blatant disregard for the obligations of Respondent created by the Orders of this Court, but with full knowledge of said obligations.

23. That actions of Respondent complained of herein are part of a largerer scheme and practice of acting in disregard of the orders and authority of the Bankruptcy Court for the Eastern District of Kentucky, evidence of which can, at least in part, be found in the decision of the Bankruptcy Court entered against Respondent and its attorneys in the case of In re Joseph, ED KY Case No.: 09-30812.

24. That as a direct and proximate result the aforementioned actions of Respondent, Movants have suffered emotional injury and financial injury including reasonable attorney's fees, and expenses associated with the filing of the Chapter 13 proceeding and travel and lost earnings and therefore the Movant requests the Court to exercise its authority under 11 USC 105 and the inherent powers of this Court to issue an order finding Respondent in contempt of the

confirmation order and the discharge injunction issued in this matter and award them relief as requested below.

**WHEREFORE**, Movants demands entry of an Order of Contempt against the Respondent as follows:

A. Awarding Movants compensatory damages, attorneys' fees and costs, and non-compensatory monetary sanctions for Respondent's attempted collection of pre-petition obligations;

B. Awarding such other relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED,**

/s/ Matthew T. Sanning
MATTHEW T. SANNING (KBA #87035)
Sanning & Sanning, PSC
224 Main Street
Augusta, KY 410002
606-756-2066

NOTICE

All parties take notice the motion setout above will come on for hearing before the United Stated Bankruptcy Court for the Eastern District of Kentucky at the US Courthouse, 3rd Fl., 35 West 5th Street, Covington, KY on the 24th day of July, 2018 at the hour of 11:00 a.m.

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing motion was served to the following by Matthew Sanning, on this 10th day of July, 2018 by the indicated method:

Electronically to:

US Trustee
Ustpregion8.lx.ecf@dojgov

Hon. Joshua Bilz

By regular 1st class mail, postage pre-paid to;

Kentucky Tax Bill Servicing, Inc.
Co/ Mary Beth Perry, Reg. Agent
4135 Alexandria Pike, Suite 108
Cold Springs, KY 41076

/s/ Matthew T. Sanning
MATT SANNING (KBA# 87035)